IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RYAN SUDLOW,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant, | **Civil Action No:** _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff RYAN SUDLOW ("Plaintiff") by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendant"), and alleges, upon information and belief, the following:

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3. Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant resides in this district.

## PARTIES AND SERVICE

**Plaintiff Ryan Sudlow**

4.      Plaintiff is a resident of Orange County, Florida.

5.      At all times material hereto, Plaintiff is a "Consumer", as defined by 15 U.S.C. § 1681a(c).

**Defendant Equifax Information Services, LLC**

6.      Defendant Equifax is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district with its corporate headquarters located at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.      At all times material hereto, Defendant Equifax is a consumer reporting agency who regularly engages in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing Consumer Reports, as said term is defined under 15 U.S.C. § 1681a(d), to third parties.

8.      At all times material hereto, Defendant Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

## FACTUAL ALLEGATIONS

**Background**

9.      In November 2023, Plaintiff viewed his consumer report published by Defendant Equifax and discovered five unauthorized accounts resulting from identity theft published on his Equifax consumer report.

10.     In November 2023, Plaintiff discovered an unauthorized account published to his Equifax

consumer report furnished by Debt Co., LLC with a "collection" status and $140.00 balance (the "Debt Co Account"). The Debt Co account was opened as a result of identity theft.

11. In November 2023, Plaintiff discovered an unauthorized account published to his Equifax consumer report furnished by Caine & Weiner with a "collection" status (the "Caine Account"). The Caine Account was opened as a result of identity theft.

12. In November 2023, Plaintiff discovered an unauthorized installment account published to his Equifax consumer report furnished by Space City Credit Union with a $57,313.00 balance (the "Space Account"). The Space Account was opened as a result of identity theft.

13. In November 2023, Plaintiff discovered an unauthorized account furnished by Merrick Bank with a $1,730.00 balance (the "Merrick Account"). The Merrick Account was opened as a result of identity theft.

14. In November 2023, Plaintiff discovered an unauthorized account furnished by Citizens Bank with a "charged off" status and $19,461.00 balance (the "Citizens Account"). The Citizens Account was opened as a result of identity theft.

**Defendant Equifax's violation of 1681i:**

15. Defendant Equifax reported the fraudulent Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account to Plaintiff's Equifax consumer report.

16. The consumer report falsely indicated that the Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account belong to and were authorized by Plaintiff, which severely affected Plaintiff's creditworthiness and reputation.

17. In November 2023, Plaintiff disputed the Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account with Defendant Equifax, detailing the unauthorized nature of the Accounts and providing supporting documents which included a

police report, a Federal Trade Commission identity theft report ("FTC Report"), a driver's license copy, evidence of his social security number, and proof of address.

18. Defendant Equifax acknowledged the receipt of Plaintiff's dispute but did not contact the furnishers of the Accounts or review the supplied documentation provided by Plaintiff.

19. Instead, Defendant Equifax relied on an automated system that verified the existence of the Accounts without checking the validity of Plaintiff's dispute.

20. It is averred that Defendant Equifax did nothing more than parrot information from the furnishers of the Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account.

21. On December 20, 2023, Defendant Equifax sent Plaintiff a cursory response refusing to block the Debt Co Account, the Space Account, the Merrick Account, and the Citizens Account, and stating that the Accounts would remain on Plaintiff's Equifax consumer report.

22. Defendant Equifax did not provide a summary of the investigation or any substantiating documentation.

23. Plaintiff was subsequently denied credit opportunities citing poor credit as reason for the denial.

24. To this date, Defendant Equifax continues to publish false and erroneous information relating to the unauthorized Space Account, Merrick Account, and Citizens Account on Plaintiff's Equifax consumer report.

25. Defendant Equifax failed to promptly delete and correct the inaccurate information relating to the Space Account, Merrick Account, and Citizens Account.

26. The false and erroneous reporting by Defendant Equifax will continue to cause harm and injury to Plaintiff for up to 7 years.

27. Due to Defendant Equifax's negligent or willful failure to conduct a reasonable reinvestigation, the Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased costs of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

28. Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681i.

**Defendant Equifax's violation of 1681e(b):**

29. Defendant Equifax did not establish reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to the Plaintiff which contained erroneous information pertaining the unauthorized, fraudulent Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account.

30. Defendant Equifax did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's consumer reports because Defendant Equifax published a consumer report relating to Plaintiff which contained erroneous information pertaining to the Debt Co Account, Caine Account, Space Account, Merrick Account, and Citizens Account.

31. Defendant Equifax did not delete or correct the false or erroneous information on Plaintiff's consumer reports after receiving disputes from Plaintiff relating to his consumer report and the Debt Co Account, Space Account, Merrick Account, and Citizens Account.

32. Defendant Equifax failed to take adequate steps to verify information before Equifax included it in Plaintiff's consumer reports for the publication to users.

33. The false and erroneous reporting by Defendant Equifax will continue to cause harm and

injury to Plaintiff for up to 7 years.

34. Due to Defendant Equifax's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from injury to his creditworthiness and reputation, credit denials, increased interest rates, lower credit limits, increased cost of insurance, mental anguish and emotional distress, anxiety, lack of sleep, loss of appetite, and added stress to his daily routine.

35. Defendant Equifax willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

## FIRST CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Negligent violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

37. This is an action for negligent violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq.

38. Equifax negligently violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

39. Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

40. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

41. The conduct, action and inaction of Equifax was negligent, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(o)

42. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

43. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against

Equifax, or damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(o).

## SECOND CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681i(a) as to Defendant Equifax

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

45. This is an action for willful violation of the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.*

46. Equifax willfully violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

47. Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA include but are not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f. The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

48. As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

49. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n)

50. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

51. **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

**THIRD CAUSE OF ACTION**
**Violations of the Fair Credit Reporting Act**
**Negligent violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 et. seq.

54.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

55.     Defendant Equifax has negligently failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

   e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

   f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

   g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

   h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the

consumer.

56. As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

57. The conduct, action and inaction of Defendant Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

58. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## FOURTH CAUSE OF ACTION
### Violations of the Fair Credit Reporting Act
### Willful violation of 15 U.S.C. § 1681e(b) as to Defendant Equifax

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

60. This is an action for willful violation of the FCRA 15 U.S.C. § 1681 et. seq.

61. Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Defendant Equifax maintained concerning Plaintiff.

62. Defendant Equifax has willfully failed to comply with the FCRA. The failure of Equifax to comply with the FCRA includes but is not necessarily limited to the following:

   a. The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b. The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

   c. The failure to remove and/or correct the inaccuracy and derogatory

  credit information after a reasonable request by Plaintiff;

 d. The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

 e. The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

 f. The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

 g. The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

 h. The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, lost earnest money, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64. The conduct, action and inaction of Defendant Equifax was willful, entitling Plaintiff to damages under 15 U.S.C. § 1681(n).

65. Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(n).

## DEMAND FOR TRIAL BY JURY

66. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgement against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o(a) from Defendant Equifax;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n(a) from Defendant Equifax;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2) from Defendant Equifax;

4. Awarding Plaintiff attorneys' fees provided and pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C.§ 1681o(a)(2); and

5. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

**Dated:** March 5, 2024                                           Respectfully submitted

**JAFFER & ASSOCIATES PLLC**

/s/ *Shawn Jaffer*
**Shawn Jaffer**
State Bar No. 156625
14355 Cogburn Rd
Alpharetta, GA 30004
Tel:   (469) 589-5605
Fax:   (469) 669-0786
Email: national@jaffer.law
***Attorneys for Plaintiff***